IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSE LOPEZ,

Plaintiff,

-vs-

WHETSTONE PARTNERS, LLC,
d/b/a ETITLE LOANS,                    CASE NO.:

Defendant.
_____/

## COMPLAINT

1. The Plaintiff, JOSE LOPEZ, by and through the undersigned counsel, sues the Defendant, WHETSTONE PARTNERS, LLC d/b/a ETITLE LOANS (" ETITLE"), and in support thereof respectfully alleges the following:

2. Plaintiff alleges violation of the Fair Debt Collection Act, 15 U.S.C.§ 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

3. This is an action for damages exceeding Fifteen Thousand Dollars ($15,000.00) exclusive of attorney's fees and costs.

4. Jurisdiction and venue for purposes of this action are appropriate and conferred by 15 U.S.C. § 1692 K(d).

5. Venue is proper in this District because the acts and transactions and the alleged violations described herein occurred in Sarasota County, Florida.

## FACTUAL ALLEGATIONS

6. Plaintiff is a natural person, and citizen of the State of Florida, residing in Sarasota County, Florida.

7. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692(a)(3).

8. Defendant, Whetstone Partners LLC d/b/a eTitle Loans, (hereinafter "eTitle"), is a corporation and a citizen of the State of Delaware with its principal place of business at 382 NE 191st Street #13502, Miami, FL.

9. Defendant is a "debt collector" as defined by 15 U.S.C §1692(a)(6). Defendant sought to collect a debt from Plaintiff that arose from a transaction incurred for personal, family or household purposes and therefore is a "consumer debt."

10. The debt that is the subject matter of this complaint is a "consumer debt" as defined by 15 U.S.C. §1692(a)(4).

11. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling Plaintiff's residential telephone number (941)366-7420, several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass, all in an effort to collect the subject debt.

12. On approximately April 1, 2013, Plaintiff began receiving prerecorded automated calls from Defendant harassing Plaintiff by its agents and representatives including attempting to collect on a debt by calling Plaintiff repeatedly and leaving an artificial and/or prerecorded messages stating, "This is eTitle Loan, your account is past due, please contact us at .....," without Plaintiff's prior express consent and despite Plaintiff repeatedly advising each of the Defendant's representatives and agents that he did not have an account with eTitle and to stop calling him.

13. Plaintiff returned Defendant's calls on or about April 1, 2013, and informed Defendant that he did not have an account with eTitle and to stop calling him. However, Defendant's calls

2

continued, so Plaintiff again notified Defendant on or about July 17, 2013, that he did not have an account with the Defendant and to stop calling.

14. Some, or all, of the calls Defendant made to the Plaintiff were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

15. Each call the Defendant made to the Plaintiff's residential telephone number was done so without the prior express consent of the Plaintiff.

16. Despite informing the Defendant that he were not the person Defendant was attempting to contact, the automated calls from Defendant to Plaintiff's residential phone continued, approximately three (3) to four (4) times a day, for approximately ten (10) days each month, from April, 2013 through to the filing of this Complaint. Defendant has, or should be in possession and/or control of call logs and/or account notes that detail the exact number of calls made to Plaintiff over the relevant time period.

17. The Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to make telephone calls, without proper screening or scrubbing methods to ensure Defendant is calling the correct telephone numnber, just as it did to the Plaintiff's residential telephone in this case, with no way for the consumer, or the Defendant, to remove the incorrect number.

18. Despite actual knowledge of their wrongdoing, the Defendant continued their campaign of abuse.

19. Defendant's corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals explaining to the Defendant that they are the wrong party.

20. Defendant's corporate policy provided no means for the Plaintiff to have his number removed from its call list, evincing an utter disregard for the privacy rights of the Plaintiff.

21. Defendant has a corporate policy to harass and abuse individuals and set up their call-back systems in a manner which makes it virtually impossible for the automated calls to stop, and thereby causing Plaintiff's telephone to ring repeatedly.

22. Defendant has harassed and abused the Plaintiff in an effort to collect the subject debt, by knowingly employing methods that did not permit the cessation of calls to Plaintiff.

23. Defendant's refusal to remove the Plaintiff's phone number from its calling list and dialing system, which included automated telephone dialing system calls and/or artificial prerecorded voice messages, being left three to four times a day, has caused the Plaintiff's life to be disrupted by the repeated phone calls and has caused Plaintiff stress and frustration in trying to rectify Defendant's conduct and errors to no avail.

24. Attached hereto as Exhibit "A" is a true and correct copy of a timeline showing a snapshot of some of the dates and times that Defendant called Plaintiff's telephone number, which shows Defendant made a minimum of twenty-three (23) telephone calls to Plaintiff over the approximate one (1) month period beginning July 16, 2013 through August 14, 2013, and even continuing to do so after Plaintiff told Defendant to stop calling him.

24. Defendant's calls and refusals to stop calling were attempts to collect the alleged debt from Plaintiff by harassment.

25. Due to Defendant's constant calls and demands for payment, Plaintiff suffered actual damages in the form of emotional distress, anxiety, fear, worry, embarrassment and mental suffering, pain and anguish and loss of the capacity to enjoy life.

26. Plaintiff's statutory and actual damages in the form of emotional distress, anxiety, fear, worry, embarrassment and mental suffering, pain and anguish and loss of the capacity to enjoy life pursuant to Federal Statute 15 U.S.C. § 1692 have continued and are continuing as of the filing of this complaint.

27. All conditions precedent to the filing of this action have occurred.

## COUNT I

### (Violation of the Fair Debt Collection Practices Act "FDCPA")

Plaintiff re-alleges paragraphs one (1) through twenty-seven (27) above and further states:

28. The foregoing acts and omissions of the Defendant, WHETSTONE PARTNERS, LLC d/b/a ETITLE LOANS, and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, the following provisions of the FDCPA, 15 U.S.C. § 1693 et seq., with respect to Plaintiff:

   (a) The Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect the alleged debt;

   (b) The Defendant violated 15 U.S.C. § 1692(d) by conduct, the natural consequence of which is to harass, oppress, or abuse any person;

   (c) The Defendant violated 15 U.S.C. § 1692(d)(5) by causing Plaintiff's phone to ring repeatedly.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violations of the FCCPA)

1. Plaintiff incorporates Paragraphs one (1) through twenty-seven (27).

2. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

3. Defendant has violated Florida Statute §559.72(7) by willfully communicating with Plaintiff with such frequency as can reasonably be expected to harass the debtor.

4. Defendant has violated Florida Statute §559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse the debtor.

5. Defendant has violated Florida Statute §559.72(9) by attempting to enforce a debt when it knows that the debt is not legitimate.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, actual damages for emotional and mental pain and suffering, fear, humiliation, embarrassment, frustration and loss of capacity for the enjoyment of life, costs, interest, attorney's fees pursuant to F.S. §559.77, and any other such relief the court may deem just and proper.

Respectfully submitted,

_____
Michael J. Vitoria, Esquire
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
Tampa, FL 33602
Tele: (813) 223-5505
MVitoria@ForThePeople.com
afloyd@forthepeople.com
Florida Bar #: 0135534
Attorney for Plaintiff